UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACE American Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| vs. | ) | |
| | ) | COMPLAINT and |
| Earl's Marina, Inc., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## PARTIES

1. ACE American Insurance Company ("ACE") is a Pennsylvania business corporation with a principal place of business at 436 Walnut St., Philadelphia, Pennsylvania 19106.

2. Earl's Marina, Inc. ("Earl's Marina") is a Massachusetts corporation with a principal place of business located at 56 Goulart Memorial Drive, Fairhaven, MA 02719.

## JURISDICTION

3. This court has original subject matter over this action pursuant to 28 U.S.C. §1331 and §1333 as a case of admiralty or maritime jurisdiction.

## GENERAL ALLEGATIONS

4. At all times applicable hereto, Earl's Marina represented itself to be a full service marina that offers its customers quality professional boat services including, but not limited to, dock space and moorings, boat hauling and towing, and marine crane and forklift service.

5. On October 29, 2011, and at all times applicable hereto, Angelo Paolini and Paula Paolini (the "Paolinis") owned a vessel, Breath in Breath Out (the "vessel").

6. The vessel is a 2001, 30 foot, Formula.

7. On October 29, 2011, and at all times applicable hereto, the Paolinis rented a slip from Earl's Marina in order to dock the vessel during the 2011 boating season.

8. On or about October 29, 2011, a nor'easter (the "Storm") impacted the Fairhaven, Massachusetts area.

9. On more than one occasion prior to the incident, Paula Paolini ("Ms. Paolini") contacted Earl's Marina and requested that Earl's Marina haul the vessel out of the water.

10. Earl's Marina agreed to haul the vessel out of the water as requested by Ms. Paolini.

11. Prior to the incident, Ms. Paolini expressed her concern about the impending Storm to Earl's Marina, and requested that Earl's Marina haul the vessel out of the water prior to the arrival of the Storm.

12. Earl's Marina represented to Ms. Paolini that the vessel would be hauled out of the water prior to the arrival of the Storm.

13. On at least one other occasion prior to the incident, Earl's Marina had, for a fee, hauled the vessel out of the water at the request of Ms. Paolini in order to safeguard the vessel from damage that could occur in connection with an impending storm.

14. The Paolinis reasonably relied on the representations of Earl's Marina that it would haul the vessel out of the water before the arrival of the Storm.

15. Earl's Marina did not haul the vessel out of the water before the arrival of the Storm.

16. The vessel remained in the water during the Storm and was damaged as a result of, *inter alia*, the vessel repeatedly impacting the dock.

17. The incident caused approximately $18,920.00 in damages to the vessel.

18. Prior to the incident ACE issued a policy of insurance (the "policy") to the Paolinis in which it agreed to indemnify the Paolinis for certain damages suffered by the vessel.

19. The Plaintiff indemnified the Paolinis for damages incurred as a result of the incident in accordance with the provisions of the policy, and ACE has obtained all of the Paolinis' rights against Earl's Marina for damages arising out of the incident by way of subrogation and/or assignment.

## COUNT I
## BREACH OF CONTRACT

20. ACE repeats and incorporates by reference the allegations contained in Paragraphs 1 through 19 as if they were fully set forth herein.

21. Prior to the incident Earl's Marina and Ms. Paolini entered into an agreement in which Earl's Marina agreed, for a fee, to haul the vessel out of the water prior to the arrival of the Storm.

22. Earl's Marina breached its agreement with Ms. Paolini in that it failed to haul the vessel out of the water prior to the Storm.

23. It was foreseeable to Earl's Marina that its failure to remove the vessel from the water prior to the Storm might result in damage to the vessel.

24. The failure of Earl's Marina to haul the vessel out of the water prior to the Storm was the proximate cause of the damage suffered by the vessel at the time of the incident.

25. As a result of Earl's Marina's breaches, the vessel was damaged and the Paolinis incurred costs to repair the vessel.

**WHEREFORE**, the plaintiff, ACE, demands judgment against the defendant, Earl's Marina in the amount of $18,920.00, together with interest and costs.

## COUNT II
## PROMISSORY ESTOPPEL

26. ACE repeats and incorporates by reference the allegations contained in Paragraphs 1 through 25 as if they were fully set forth herein.

27. Prior to the incident Earl's Marina made a promise to Ms. Paolini that it would haul the vessel out of the water prior to the Storm.

28. Earl's Marina reasonably knew or expected that its promise to Ms. Paolini that it would haul the vessel out of the water prior to the Storm would induce Ms. Paolini to refrain from seeking or utilizing any other means of removing the vessel from the water prior to the Storm.

29. The promise by Earl's Marina that it would haul the vessel out of the water prior to the Storm induced Ms. Paolini to refrain from seeking or utilizing any other means of removing the vessel from the water prior to the Storm.

30. The failure of Earl's Marina to haul the vessel out of the water prior to the Storm as it had promised was the proximate cause of the damage suffered by the vessel at the time of the incident.

31. As a result of Earl's Marina's breaches, the vessel was damaged and the Paolinis incurred costs to repair the vessel.

**WHEREFORE**, the plaintiff, ACE, demands judgment against the defendant, Earl's Marina, in the amount of $18,920.00, together with interest and costs.

## COUNT III
## NEGLIGENCE

32. ACE repeats and incorporates by reference the allegations contained in Paragraphs 1 through 31 as if they were fully set forth herein.

33. Prior to the incident Earl's Marina owed a duty to Ms. Paolini to haul the vessel out of the water prior to the arrival of the Storm.

34. Earl's Marina breached its duty to Ms. Paolini in that it negligently failed to haul the vessel out of the water prior to the Storm.

35. It was foreseeable to Earl's Marina that its failure to remove the vessel from the water prior to the Storm might result in damage to the vessel.

36. Earl's Marina's negligence in failing to haul the vessel out of the water prior to the Storm was the proximate cause of the damage suffered by the vessel at the time of the incident.

37. As a result of Earl's Marina's negligence, the vessel was damaged and the Paolinis incurred costs to repair the vessel.

**WHEREFORE**, the plaintiff, ACE, demands judgment against the defendant, Earl's Marina in the amount of $18,920.00, together with interest and costs.

Respectfully submitted,
ACE American Insurance Company, as subrogee of
Angelo and Paula Paolini,
By its Attorneys,

Timothy J. Daly, MA BBO# 558842
Paul F. Cavanaugh, MA BBO# 561158
Daly Cavanaugh LLP
27 Mica Lane, Suite 202
Wellesley, MA 02481-1702
Tel. (781) 237-0600
Fax.(781) 237-6010
tjd@dalylaw.com
pfc@dalylaw.com

Dated: July 1, 2013